**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| DANNY D. MOORE, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CASE NO. _____ |
| | § | |
| MEDICAL MANAGEMENT | § | **JURY TRIAL DEMANDED** |
| INTERNATIONAL, INC., d/b/a | § | |
| Banfield Pet Hospital, | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT

Plaintiff, Danny D. Moore, D.V.M., ("Plaintiff" or "Dr. Moore"), by and through the

undersigned attorneys, hereby files this Complaint against Defendant Medical Management

International, Inc., d/b/a Banfield Pet Hospital ("MMII" or "Defendant"), pursuant to Rules

7 and 8, Federal Rules of Civil Procedure, and alleges as follows:

## NATURE OF THE ACTION

1.     This Complaint is an action for trademark infringement, passing off and unfair

competition pursuant to the Lanham Act, 15 U.S.C. § 1125, as well as for common law unfair

competition, and for violation of Tennessee Consumer Protection Act barring unfair and

deceptive trade practices, Tenn. Code Ann. § 47-18-104.

## PARTIES

2.     Plaintiff Dr. Moore is a Tennessee resident with an address of 101 Rose Hill

Lane, Unicoi, Tennessee 37692.

3.     Defendant Medical Management International, Inc., on information and

belief, is a Delaware corporation that is authorized to do business in Tennessee, and which

owns and operates Banfield Pet Hospital businesses in this State and in this District such as in Knoxville, TN, Chattanooga, TN and Alcoa, TN. MMII may be served by service on its Tennessee registered agent, National Registered Agents, Inc., at 300 Montvue Rd., Knoxville, TN 37919-5546.

## JURISDICTION AND VENUE

4.      This is an action for monetary damages and injunctive relief relating to Defendant's trademark infringement, passing off and unfair and deceptive trade practices in violation of the laws of the United States of America and the State of Tennessee.

5.      Dr. Moore, a Tennessee resident with an address in this State and this District in Unicoi, Tennessee, brings claims predicated on the Lanham Act of 1946, as amended, 15 U.S.C. § 1125, and related claims under the laws of the State of Tennessee.

6.      This Court has subject matter jurisdiction over the Lanham Act claims under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1332 and 1338(a), and over the related state- and common-law claims under 28 U.S.C. §§ 1338 and 1367. The Court has subject matter jurisdiction because, *inter alia*, the citizenship of the parties is diverse:

   a.      Plaintiff is a citizen of Tennessee;

   b.      Defendant is a corporation, formed under the laws of Delaware, with its principal place of business in Washington State;

   c.      The amount in controversy exceeds $75,000, exclusive of interest and costs.

7.      Venue is proper in this District under 28 U.S.C. § 1391, among other things, because the acts alleged in this Complaint occurred and continue to occur in this District, a substantial part of the events giving rise to this action occurred and continue to occur in this District, the injury was caused and experienced in this District inasmuch as, *inter alia,*

Dr. Moore distributes his NEXT VET products from this State and this District. Plaintiff's use of the pre-existing trademark, and Plaintiff's place of business, was and is in Unicoi County, Tennessee. Defendant transacts business substantially and pervasively in this District, including by owning and operating Banfield Pet Hospital businesses in this State and in this District such as in Knoxville, TN, Chattanooga, TN and Alcoa, TN, and Defendant has a registered agent in Knoxville, Tennessee.

## FACTUAL BACKGROUND

*Dr. Moore's Rights*

8. Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

9. Dr. Moore studied and trained in the fields of animal sciences and poultry science at North Carolina State University before earning his Doctor of Veterinary Medicine in 1980 at Auburn School of Veterinary Medicine. For over the past 25 years Dr. Moore has studied herbal nutrition for animals, developed and manufactured natural supplements for enrichment of animal health, and he has completed professional and advanced courses in veterinary homeopathy.

10. Dr. Moore has been featured on the Outdoor Channel and on RFD-TV's "At the Clinic" series, and he has written and generated an extensive library of articles, videos and recordings on veterinary care, nutrition and homeopathy available at his websites, TheNaturalVet.net and AskDrDan.com.

11. Since long prior to the acts of Defendant described herein, and at least as early as May 2008, Dr. Moore has designed, manufactured, and marketed animal supplement products under the trademark NEXT VET.

3

12.     Dr. Moore has marketed and sold his NEXT VET brand of animal supplement products online and through veterinary, cattle, equine/horse, domesticated pet and livestock association and trade shows and conferences.  He attends approximately 20 trade shows and conferences annually at which he has sold animal supplements branded with his NEXT VET marks. He also has taught seminars and workshops at many such trade shows and conferences to educate the attendees, including veterinarians, livestock owners and breeders, and others in the animal and pet care industry, principally about animal care utilizing supplements deriving from natural sources.

13.     Dr. Moore owns the domain name NextVet.com, which he acquired in approximately 2008 to market and sell his NEXT VET brand of animal supplements.  He also owns several other NextVet-formative domain names that he uses and directs to his NextVet.com website, including but not limited to NextVet.net and NextVet.info.

14.     Dr. Moore also owns and uses the NEXT VET & Design mark, which he likewise uses to market and sell animal supplement products online and at trade shows and conferences, and which often appears in advertising and on product packaging as follows:



(The NEXT VET and NEXT VET & Design Marks collectively shall be referred to hereinafter as "Plaintiff's NEXT VET Marks").

15.     Dr. Moore has used and continues to use Plaintiff's NEXT VET Marks in interstate commerce to identify his goods and services offered for sale and sold with his NEXT VET Marks.

16.     Dr. Moore also has sold other products in connection with Plaintiff's NEXT VET Marks, including BUGSENSE™ and BUG BIOTICS™ animal supplements.

17.     Customers and potential customers of animal supplements offered for sale and sold under Plaintiff's NEXT VET Marks include farmers, ranchers, veterinarians, animal breeders and individual pet and livestock owners.

18.     Plaintiff's NEXT VET Marks serve to distinguish Plaintiff's brand of animal supplement products from those of other companies' animal supplement products.

19.     Plaintiff has invested substantial time and resources to develop and expand his expertise in the veterinary industry, and such expertise, training and experience has afforded him the capability to develop highly performing, natural supplements positively impacting animal health and well-being.

20.     Similarly, Dr. Moore has invested substantial resources and efforts into the development and provision of high quality goods and services offered for sale and sold in connection with Plaintiff's NEXT VET Marks, as well as to foster the reputation, recognition and goodwill associated with Plaintiff's goods and services offered for sale and sold with Plaintiff's NEXT VET Marks, such that the consuming public has come to recognize Plaintiff as the source of high-quality animal supplement products and services bearing Plaintiff's NEXT VET Marks.

21.     As a result of Plaintiff's provision of high-quality goods and services offered for sale and sold in connection with Plaintiff's NEXT VET Marks, and consumer recognition of Plaintiff as the source of such high-quality goods and services, Plaintiff's NEXT VET Marks have acquired significant value in the United States, including in Tennessee, thus creating and enhancing the invaluable goodwill of Plaintiff's NEXT VET Marks.

22. To enhance Dr. Moore's rights in Plaintiff's NEXT VET Marks, Plaintiff on April 28, 2022 filed an application with the United States Patent and Trademark Office ("USPTO") to register Plaintiff's NEXT VET word mark in connection with "animal feed supplements" in International Class 005, which application was assigned U.S. Trademark Application Serial No. 97/387,453 ("Plaintiff's NEXT VET Application").

23. Plaintiff's NEXT VET Application remains live and subsisting and is pending with the USPTO.

24. The USPTO initially refused to issue a registration to Plaintiff for his NEXT VET mark pursuant to Plaintiff's NEXT VET Application, however, on the basis that Defendant first filed its application filed for the infringing and junior NEXTVET designation (U.S. Trademark Application Serial No. 97/015,820) ("Defendant's Infringing NEXTVET Designation"). The USPTO considers the Plaintiff's NEXT VET mark and Defendant's NEXTVET mark to be confusingly similar, and initially has barred Plaintiff a registration because Defendant filed its application first as between the parties. However, upon Plaintiff's establishment that he in fact was the first user of Plaintiff's NEXT VET Marks, Plaintiff will be entitled to registration of Plaintiff's NEXT VET Application and Defendant's application for Defendant's Infringing NEXTVET Designation rightfully will be refused.

25. Plaintiff has instigated an opposition proceeding against Defendant's application for Defendant's Infringing NEXTVET Designation, which the United States Trademark Trial and Appeal Board (the "TTAB") has designated as "Opposition No. 91281782" (the "Opposition Proceeding"), and which Opposition Proceeding remains pending.

26.    The TTAB lacks jurisdiction, however, to enjoin the infringing use by Defendant of its Infringing NEXTVET Designation as described herein, or to award monetary damages and other remedies favoring Dr. Moore, such that Dr. Moore has instigated this action to protect his rights and obtain the monetary and injunctive relief to which he is entitled.

## Defendant's Unlawful Activities

27.    Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

28.    Defendant MMII owns and operates veterinary clinics nationwide, including in this State and in this District under the Banfield Pet Hospital designation.

29.    Defendant's Banfield Pet Hospital locations typically are located within PetSmart stores, which stores offer for sale and sell a wide variety of products and services directed to pet owners and other animal owners.  Among the many products and services offered and sold to consumers nationwide in PetSmart Stores and in or in close proximity to Banfield Pet Hospital clinics are animal nutritional supplements, which supplements are closely related to or of the identical type of goods offered and sold by Plaintiff in connection with Plaintiff's NEXT VET Marks.

30.    Defendant MMII, through its Banfield Pet Hospital store locations, employs veterinarians, and recruits future veterinarians to work at Banfield Pet Hospital store locations within or in close proximity to PetSmart stores nationwide at which Defendant offers and sells supplements for animals.

31.    Defendant, without the approval or authorization of Plaintiff has adopted and is using in interstate commerce, including in this State and in this District, Defendant's

Infringing NEXTVET Designation, which not only is nearly identical, highly and confusingly similar in sight, sound, meaning and commercial impression to Plaintiff's NEXT VET Marks but also is used in connection with highly similar goods and services as those offered for sale and sold by Plaintiff in connection with Plaintiff's NEXT VET Marks.

32.     Defendant knowingly and willfully has violated Plaintiff's rights in Plaintiff's NEXT VET Marks by using in commerce Defendant's Infringing NEXTVET Designation, which incorporates in its entirety Plaintiff's NEXT VET Mark by merely concatenating the two words of Plaintiff's mark – "Next" and "Vet."

33.     Defendant uses Defendant's Infringing NEXTVET Designation putatively to advertise, promote and market its veterinary recruitment and internship services, which by itself is highly likely to confuse consumers with respect to Plaintiff's NEXT VET Marks directed to veterinarians and animal owners and breeders and Plaintiff's goods sold under such marks.  When considering that Defendant offers and sells its Banfield Pet Hospital clinic services in PetSmart stores selling animal nutritional products and supplements, the confusing and likelihood of confusion of Defendants use of Defendant's Infringing NEXTVET Designation becomes acute.

34.     Defendant had or should have had actual knowledge of Plaintiff and his use of Plaintiff's NEXT VET Marks by virtue of Plaintiff's ownership and long-time and continuous use of the NEXT VET Marks in connection with Plaintiff's website at www.NextVet.com, and by virtue of Plaintiff's ownership and use of his domain names NextVet.com, NextVet.net and NextVet.info.

35.     On information and belief, Defendant and/or its agent even sought to purchase Plaintiff's domain name, NextVet.com, through use of a broker, and without disclosing the identity of Defendant, or of Banfield Pet Hospital, or of PetSmart.

36.     Defendant was well-aware of Plaintiff's rights in his NEXT VET Marks at the time Defendant applied to register Defendant's Infringing NEXTVET Designation.

37.     On or about September 7, 2021, Defendant filed with the USPTO an application to register Defendant's Infringing NEXTVET Designation in connection with "Educational services, namely, conducting classes, seminars, conferences and workshops in the field of veterinary care; responsible pet ownership proper care and treatment of pets and animals; selection of animals and pets; pet care; pet grooming; feeding and nutrition; pet health; veterinary services and distribution of course materials in connection therewith in printed or electronic format" in International Class 041. The USPTO assigned the application U.S. Trademark Application Serial No. 97/015,820 (Hereinafter, "Defendant's NEXTVET Application").

38.     The services offered and applied to be offered by Defendant under its Infringing NEXTVET Designation are identical to those offered and sold by Plaintiff under its senior NEXT VET Marks.  In particular, at least Defendant's services of "pet care" and "feeding and nutrition" and "pet health" are overlapping with and identical to the goods and services offered and sold by Plaintiff under his senior NEXT VET Marks.  Considered in context with the identical nature of the parties' respective marks, these overlapping services greatly enhance the likelihood of confusion among consumers.

39.     Still further, the services offered and sold and intended to be offered and sold by Defendant take place in facilities in which Defendant or its related entities offer and sell

nutritional supplements for animals and pets. Defendant's Banfield Pet Hospital clinics tend to operate within PetSmart big box stores, and PetSmart offers and sells animal and pet nutritional products, including nutritional supplements.

40. Alison M. Osterberg, a Senior Legal Counsel with Defendant's related or parent company, Mars, Inc. ("Defendant's Ms. Osterberg") signed Defendant's NEXTVET Application and filed Defendant's NEXTVET Application with the USPTO.

41. In filing Defendant's NEXTVET Application, Defendant's Ms. Osterberg signed a Declaration, under penalty of perjury, in which she stated, *inter alia,* "To the best of the signatory's knowledge and belief, no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive."

42. At the time Defendant's Ms. Osterberg signed the aforementioned Declaration, Defendant knew about Dr. Moore's ownership of Plaintiff's NEXT VET Marks, and Plaintiff used Plaintiff's NEXT VET Marks in connection with Plaintiff's marketing, promotion, offering for sale and sale of supplements for pets and other animals.

43. At the time Defendant's Ms. Osterberg signed the aforementioned Declaration, Defendant knew that it was false or misleading to state that "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive," and that the USPTO would rely on the false or misleading statement, such that Defendant

intended to deceive the USPTO into procuring a trademark registration for Defendant's Infringing NEXTVET Designation.

44.     The acts of Defendant not only are infringing but also are willful, deliberate and done with knowledge of Dr. Moore's rights in and to Plaintiff's NEXT VET Marks and other legitimate interests and with knowledge that these actions are likely to confuse, mislead and deceive the public.

45.     Plaintiff has been, and will continue to be, damaged by Defendant's infringement in a manner and amount in excess of $75,000 exclusive of interest and costs but that cannot be fully measured or compensated in economic terms, for which there is no adequate remedy at law.

## COUNT I: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION IN VIOLATION OF THE LANHAM ACT SECTION 43(a), 15 U.S.C. § 1125(a)

46.     Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

47.     Without the consent or authorization of Plaintiff, Defendant has adopted and is using Defendant's Infringing NEXTVET Designation, which designation is confusingly similar to Plaintiff's NEXT VET Marks, in connection with educational services and animal nutrition and supplements.

48.     Defendant is using its Defendant's Infringing NEXTVET Designation in a manner that damages the Plaintiff and is likely to cause confusion, mistake and deception as to the source or origin of the goods and services offered by Defendant, giving the impression that these goods and services offered by Defendant are authorized or offered by, or affiliated with the Plaintiff, when in fact they are not.

49.     Defendant's use of Defendant's Infringing NEXTVET Designation also causes and is likely to cause reverse confusion, in which, through Defendant's substantial market power and breadth of advertising and marketing, consumers are likely to believe that Plaintiff's senior use of Plaintiff's NEXT VET Marks is confusing, when in fact Defendant is the junior user and infringing Plaintiff's rights in Plaintiff's NEXT VET Marks.

50.     Defendant's continued use of Defendant's Infringing NEXTVET Designation is likely to strip Plaintiff of the goodwill he has built in Plaintiff's NEXT VET Marks and cause consumers to appropriate that goodwill to Defendant, despite Defendant being the junior and infringing user.

51.     Defendant offers and sells its goods and services under Defendant's Infringing NEXTVET Designation online, which is an identical trade channel employed by Plaintiff to offer for sale and sell Plaintiff's goods and services in connection with Plaintiff's NEXT VET Marks.

52.     Defendant has no present intention of terminating its infringing activities complained of herein, but, on the contrary, Defendant's infringement is continuing and Defendant intends to continue its acts complained of herein.

53.     Plaintiff has placed Defendant on notice of Plaintiff's rights in Plaintiff's NEXT VET Marks, but Defendant has refused to cease its infringing acts, such that Defendant's acts are willful.

54.     Defendant is willfully infringing Plaintiff's NEXT VET Marks.

55.     Defendant's adoption and use of Defendant's Infringing NEXTVET Designation violates Plaintiff's rights in Plaintiff's NEXT VET Marks, causes and is likely to cause consumers to be confused, misled, mistaken and deceived about the origin of the goods

and services offered and sold under Defendant's Infringing NEXTVET Designation, to Plaintiff's harm.

56. Plaintiff has been, and will continue to be, damaged by Defendant's willful trademark infringement in a manner and an amount that cannot be fully measured in economic terms, for which there is no adequate remedy at law.

57. Defendant's use of Defendant's Infringing NEXTVET Designation represents a false designation of origin, as consumers are likely to associate Defendant's Infringing NEXTVET Designation used in connection with Defendant's educational services related to pet training, care and nutrition with Plaintiff and Plaintiff's brand of animal supplements offered for sale and sold in connection with Plaintiff's senior NEXT VET Marks.

58. Due to the highly similar nature of the services offered by Defendant in connection with Defendant's Infringing NEXTVET Designation and the goods and services offered for sale and sold by Plaintiff in connection with Plaintiff's senior NEXT VET Marks, consumers will believe that the services offered for sale and sold under Defendant's Infringing NEXTVET Designation, which is junior to Plaintiff's NEXT VET Marks, are associated with, sponsored and/or endorsed by Plaintiff, when in fact they are not.

59. Defendant's use of Defendant's Infringing NEXTVET Designation diminishes the connection between Plaintiff's NEXT VET Marks as the single source for Plaintiff's goods and services offered for sale and sold in connection with Plaintiff's NEXT VET Marks. As such, Plaintiff's reputation has been and will continue to be harmed irreparably by Defendant's activities, which has caused and will continue to cause harm to the consuming public, and for which there is no adequate remedy at law.

60.     Plaintiff has not granted any license or permission to Defendant to use Defendant's Infringing NEXTVET Designation, and Defendant's acts create and further the likelihood that the public will be confused as to the sponsorship, source, affiliation or association of the goods and services offered for sale and sold by Defendants.

61.     Defendant's use of Defendant's Infringing NEXTVET Designation and/or its association with Plaintiff's NEXT VET Marks constitutes a false designation of origin and/or reverse confusion, as consumers are likely to associate Plaintiff's goods and services offered for sale and sold with Plaintiff's NEXT VET Marks with Defendant.

62.     Defendant's adoption of the Infringing NEXTVET Designation unfairly capitalizes on the goodwill associated with Plaintiff's NEXT VET Marks, which goodwill Plaintiff has generated through consistent and continuous use for over 15 years.

63.     By adopting a mark that is so similar to – if not identical to – Plaintiff's NEXT VET Marks, Defendant is unfairly competing with Plaintiff by relying upon goodwill built by Plaintiff.

64.     As a result of Defendant's improper conduct and Defendant's profits from such conduct, Plaintiff is entitled to actual damages from Defendant that Plaintiff has sustained and may sustain and/or the profits unfairly gained by Defendant, the amount of which is to be proven at trial and is to be enhanced up to three times that amount as the Court finds just, pursuant to 15 U.S.C. § 1117.

65.     Defendant has acted knowingly, willfully and deliberately, and such actions constitute an exceptional case thereby justifying an award of attorneys' fees to Plaintiff pursuant to 15 U.S.C. § 1117.

## COUNT II: REFUSAL AND CANCELLATION OF DEFENDANT'S NEXTVET APPLICATION, 15 U.S.C. § 1119, BECAUSE OF PLAINTIFF'S PRIORITY AND LIKELIHOOD OF CONFUSION

66.     Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

67.     Pursuant to 15 U.S.C. § 1119, this Court has the jurisdiction and authority to "determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action."

68.     Plaintiff is the senior and continuous user of Plaintiff's NEXT VET Marks *vis-à-vis* Defendant and Defendant's Infringing NEXTVET Designation, and Defendant's application, registration and use of Defendant's Infringing NEXTVET Designation is likely to cause confusion, mistake and deception among consumers and harm Plaintiff's rights and goodwill in and to Plaintiff's senior NEXT VET Marks.

69.     The Court should order the USPTO to deny registration to Defendant with respect to Defendant's NEXT VET Application (U.S. App. No. 97/015,820) for Defendant's Infringing NEXT VET Designation.

## COUNT III:  REFUSAL AND CANCELLATION OF DEFENDANT'S NEXTVET APPLICATION, 15 U.S.C. § 1119, BECAUSE OF DEFENDANT'S FRAUD ON THE TRADEMARK OFFICE

70.     Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

71.     On September 7, 2021, Defendant, by and through its attorney and agent, Alison M. Osterberg, signed a Declaration under oath that she believed that Defendant was entitled to use the NEXTVET Mark in commerce and that, to the best of her knowledge and

belief, "no other persons, except, if applicable, concurrent users, have the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other persons, to cause confusion or mistake, or to deceive," in Defendant's U.S. Appl. Serial No. 97/015,820 to register the NEXT VET Designation.

72. When Defendant signed the aforementioned Declaration under oath, there in fact existed another senior use of the same or a confusingly similar mark, namely, Dr. Moore's NEXT VET Marks, and Dr. Moore maintained legal rights superior to the Defendant's.

73. When Defendant signed the aforementioned Declaration under oath, Defendant knew or should have known that Dr. Moore had rights in Plaintiff's NEXT VET Marks that were superior to the Defendant's rights in Defendant's Infringing NEXTVET Designation, and either believed that a likelihood of confusion would result from Defendant's use of Defendant's Infringing NEXTVET Designation or had no reasonable basis for believing otherwise.

74. Defendant, in failing to disclose to the USPTO the facts set forth herein about Dr. Moore's superior rights, intended to procure a registration to which it is not and would not be entitled. The failure to disclose such facts are material to the USPTO's consideration of U.S. Trademark Application Serial No. 97/015,820.

75. Defendant, accordingly, has committed fraud on the USPTO and the Court should order that the USPTO should deny a registration to Defendant for the Infringing NEXTVET Designation and U.S. Trademark Application Serial No. 97/015,820.

76. Plaintiff would be harmed by an issuance of a registration to Defendant pertaining to Defendant's Infringing NEXTVET Designation.

## COUNT IV: COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

77.     Plaintiff reincorporates by reference the allegations of the foregoing paragraphs, inclusive, as if the same were here set out in full.

78.     The acts of Defendant complained of herein constitute trademark infringement, passing off, and unfair competition under the common law of the State of Tennessee.

79.     Defendant's wrongful acts have caused and will continue to cause, unless enjoined, irreparable harm to Plaintiff.

80.     Dr. Moore has no adequate remedy at law for Defendant's continued acts of trademark infringement and unfair competition.

81.     Plaintiff is entitled to a judgment restraining Defendants from engaging further in acts of unfair competition and for all resulting damages.

## COUNT V: VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT, TN. CODE § 47-18-104

82.     Plaintiff reincorporates by reference the allegations in the foregoing paragraphs, inclusive, as if the same were here set out in full.

83.     The Tennessee Consumer Protection Act of 1977, TN Code § 47-18-104 (2021) prohibits unfair or deceptive acts or practices affecting the conduct of any trade or commerce.

84.     Defendant is engaged in "trade or commerce" as defined by The Tennessee Consumer Protection Act.

85.     Plaintiff has standing to bring this cause of action under the Tennessee Consumer Protection Act by virtue of being a person injured by the unfair and deceptive acts or practices of Defendant.  See, e.g., *Taylor v. Thomas*, 624 Fed.Appx. 322 (2015).

86.     Defendant has falsely passed off its goods or services under Defendant's Infringing NEXTVET Designation as those of another, in violation of the Tennessee Consumer Protection Act.

87.     Defendant has caused a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's goods or services offered and sold under Defendant's Infringing NEXTVET Designation.

88.     Defendant has caused a likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another, in violation of the Tennessee Consumer Protection Act.

89.     Defendant has used deceptive representations or designations of geographic origin in connection with Defendant's Infringing NEXTVET Designation goods or services.

90.     Plaintiff is an interested party with standing to enforce his rights against Defendant under the Tennessee Consumer Protection Act, and to protect consumers from future violations of the Act by Defendant.

91.     Plaintiff is a direct competitor to Defendant in the animal supplement industry.

92.     Plaintiff Dr. Moore has been damaged by Defendant's deceptive and unfair business practices and damage to Dr. Moore's business relationship with its former, current and prospective customers.

93.     Plaintiff Dr. Moore has suffered and will continue to suffer irreparable harm as a result of Defendant's actions because any remedy at law for Defendant's unconscionable, unfair, deceptive and misleading actions in violation of the Tennessee Deceptive and Unfair Trade Practices Act would be inadequate.

94.     In addition, Defendant's acts are deceptive and/or in bad faith, and willful.

95. Plaintiff has been harmed by Defendant's violations of the Tennessee Consumer Protection Act, and is entitled to treble damages and to recover his costs and attorneys' fees from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Dr. Moore requests the following relief against Defendant:

A. That Judgment be entered in Plaintiff's favor and against Defendant on all counts described herein.

B. Pursuant to 15 U.S.C. § 1116 and the equity jurisdiction of this Court, that Defendant and its officers, agents, employees, representatives, and all persons in privity therewith shall be preliminarily and permanently enjoined and restrained from using on or in connection with the importation, sale, offering for sale, distribution, exhibition, display, or advertising of any good or service the infringing designation NEXTVET, or any other trademark or service mark or designation in combination with other words or symbols, that are confusingly or deceptively similar to Plaintiff's NEXT VET Marks.

C. That Defendants and its officers, agents, employees, representatives, and all persons in privity therewith be required to destroy and/or change all literature, signage, labels, prints, packages, wrappers, containers, advertising materials, Internet content, stationary, software, metadata and any other items in their respective possession or control that contain the Infringing NEXTVET Designation, or any confusingly similar term or designation, to preliminarily and permanently remove such designation.

D. Pursuant to 15 U.S.C. § 1117, that Defendant shall be directed to pay to Plaintiff any and all damages that Plaintiff has sustained and/or that Defendant's revenues and profits illicitly earned by consequence of Defendant's trademark and service mark infringement, false designation of origin, passing off and unfair competition as enumerated herein.

E. That the Court grant Plaintiff an award of compensatory, consequential, statutory, trebled, and punitive damages in an amount in excess of $75,000 exclusive of interest and costs and to be determined at trial.

F. That the Court order and transmit said order to the USPTO that Defendant's U.S. Application No. 97/015,820, and any registration having issued therefrom, be refused and/or cancelled, pursuant to 15 U.S.C. § 1064.

G. Require that Defendant file with the Court and serve on Plaintiff, within 30 days after entry of any preliminary and/or permanent injunction, a report in writing, under oath, setting forth in detail the manner in which Defendants have complied with the injunction;

H. Require that Defendants pay to Plaintiff all damages to which Plaintiff is entitled as a result of the conduct described herein, including prejudgment and post-judgment interest thereon, and require, pursuant to 15 U.S.C. § 1117, that such damages be trebled.

I. That Plaintiff be awarded damages, treble damages, exemplary damages, costs of this suit, attorneys' fees, in accordance with 15 U.S.C. §§ 1117, 1125(a) and Tennessee law and statute.

J. That the Court award such other and further relief as the Court may deem just, reasonable, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Dr. Moore hereby demands a trial by jury on all issues so triable.

Date:  November 21, 2023                    Respectfully Submitted,

*/s/ James N. L. Humphreys*
James N. L. Humphreys (TN Bar No. 014357)
**HUNTER SMITH & DAVIS, LLP**
P. O. Box 3740
Kingsport, TN 37664
Tel.:  423-378-8862
E-mail:  humphrey@hsdlaw.com

*Counsel for the Plaintiff, Dr. Moore*