UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENVILLE

| | |
|---|---|
| DANNY D. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 2:23-CV-152-KAC-CRW |
| | ) |
| MEDICAL MANAGEMENT | ) |
| INTERNATIONAL, INC., | ) |
| d/b/a BANFIELD PET HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a joint "Motion to Dismiss" [Doc. 34] filed by Defendant Medical Management International, Inc., d/b/a Banfield Pet Hospital ("Banfield") and Defendant Mars Petcare US Inc. ("Mars Petcare"). Plaintiff Danny D. Moore's Amended Complaint asserts trademark infringement claims under (1) the Lanham Act, 15 U.S.C. § 1125(a), and (2) state statutes and common law against both Defendants [Doc. 28 ¶¶ 56-105]. As relevant here, Defendant Banfield argues that the Court lacks personal jurisdiction over it. And Defendant Mars Petcare asserts that the Amended Complaint fails to state a claim against it. For the following reasons, the Court (1) grants Defendant Banfield's request in the Motion to Dismiss because the Court lacks personal jurisdiction over it and (2) denies Defendant Mars Petcare's request because Plaintiff plausible states claims against it.

Plaintiff "has studied herbal nutrition for animals, developed and manufactured natural supplements for enrichment of animal health," and has "completed professional and advanced courses in veterinary homeopathy" for over "25 years" [*Id.* ¶ 11]. "[A]t least as early as May 2008," Plaintiff "designed, manufactured, and marketed animal supplement products under the

trademark NEXT VET" [*Id.* ¶ 13]. Plaintiff "has marketed and sold his NEXT VET brand of animal supplement products online and through" various "trade shows and conferences" [*Id.* ¶ 14]. Because Defendant Banfield's argument that the Court lacks personal jurisdiction over it allows the Court to consider facts outside of the Amended Complaint, the Court describes the remaining facts separately.

I. **The Court Lacks Personal Jurisdiction Over Defendant Banfield.**

    A. **Background**[1]

"[O]n April 28, 2022," Plaintiff "filed an application with the United States Patent and Trademark Office ('USPTO') to register" the mark "NEXT VET" "in connection with [his] 'animal feed supplements'" [Doc. 28 ¶ 24]. But the USPTO "initially refused to issue a registration to Plaintiff" for the mark because Defendant Banfield "filed its application" to register its "NextVet" mark first [*Id.* ¶ 26]. Plaintiff's application to register the "NEXT VET" mark remains pending with the USPTO [*Id.* ¶ 25].

Defendant Banfield is a Delaware Corporation [*Id.* ¶ 3]. Its principal place of business is in Washington [Doc. 36 at 1 (Declaration of Andrew Kaminsky ("Kaminsky Dec.") ¶ 5)]. Defendant Banfield "owns and operates Banfield Pet Hospital businesses in" Tennessee and "nationwide" [Doc. 28 ¶¶ 3, 30]. Defendant Banfield displays the allegedly infringing NextVet mark online through press releases and YouTube videos to advertise its "NextVet internship

---

[1] In assessing Defendant Banfield's request to dismiss for lack of personal jurisdiction on the papers alone, the Court views the factual assertions in the filings "in a light most favorable to the plaintiff." *MAG IAS Holdings, Inc. v. Schmückle*, 854 F.3d 894, 899 (6th Cir. 2017) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991)). The Court does not "weigh 'the controverting assertions of the party seeking dismissal.'" *Id.* Consequently, in this procedural posture, an affidavit filed by a defendant asserting facts contrary to those asserted by a plaintiff is generally irrelevant. *See Malone v. Stanley Black & Decker, Inc.*, 965 F.3d 499, 505-06 (6th Cir. 2020) (citations omitted).

program," which is "aimed at strengthening and diversifying the veterinary pipeline" [*Id.* ¶¶ 35-36].

Defendant Banfield also advertises the internship program in Tennessee "through email solicitations, press releases, and online advertising" [*Id.* ¶ 37]. Defendant Banfield sends these email solicitations "nationwide" [Doc. 37 Declaration of Traci Richardson ("Richardson Decl.") ¶¶ 10)]. Defendant Banfield has "received applications" for the NextVet internship program from three Tennessee students but has "refused to hire any Tennessee residents" [Docs. 28 ¶ 38, 37 at 3 (Richardson Decl. ¶ 13)]. Defendant Banfield's efforts to advertise the NextVet internship are also nationwide, with a small portion of applicants hailing from Tennessee [Doc. 37 at 2-3 (Richardson Decl. ¶¶ 10, 13)].

B. **Analysis**

Plaintiff bears the burden of establishing through "***specific facts***" that the Court has personal jurisdiction over Defendant Banfield. *See, e.g.*, *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (emphasis added). "The Fourteenth Amendment's Due Process Clause" constrains a Court's "power to exercise jurisdiction over a defendant." *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). Tennessee's long-arm statute, applicable here, allows the Court to exercise personal jurisdiction to the full extent the Due Process Clause permits. *See Parker v. Winwood*, 938 F.3d 833, 839 (6th Cir. 2019) (citations omitted). For personal jurisdiction to exist, a defendant must have certain contacts with a forum such that maintaining a suit there is reasonable "in the context of our federal system'" and "'does not offend traditional notions of fair play and substantial justice.'" *Ford Motor Co.*, 592 U.S. at 351 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316-17 (1945)). Personal jurisdiction may be general or specific. *Goodyear v. Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

3

### 1. The Court Lacks General Jurisdiction Over Defendant Banfield.

A court possesses general jurisdiction "over a defendant in its home State"—where it "is incorporated or headquartered." *See Canaday v. Anthem Comp., Inc.*, 9 F.4th 392, 396 (6th Cir. 2021) (quotation omitted). Courts also possess general jurisdiction over a defendant if its "affiliations with the State in which suit is brought are so constant and pervasive as to render [it] essentially at home in the forum." *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quotation omitted). But merely conducting business in a state, "even if occurring at regular intervals, [is] not enough to warrant" the exercise of general jurisdiction. *See Goodyear*, 564 U.S. at 929; *see also Daimler*, 571 U.S. at 132 (noting that a corporation's "continuous activity *of some sorts* within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity"). Nor will general jurisdiction lie because a defendant authorizes an agent to accept service of process in the state, absent state statutory law conditioning corporate registration on accepting general jurisdiction. *See Mallory v. Norfolk S. Ry.*, 602 U.S. 122, 135-36 (2023).

Plaintiff does not clearly assert that this Court has general jurisdiction over Defendant Banfield, but to the extent he sought to make such an argument, it fails. ***First***, Tennessee is neither Defendant Banfield's state of incorporation nor principal place of business or headquarters [*See* Docs. 28 ¶ 3; Doc. 36 at 1 (Kaminsky Dec. ¶ 5)]. *See Canaday*, 9 F.4th at 396 (quotation omitted). ***Second***, although the Amended Complaint alleges that Defendant Banfield "owns and operates Banfield Pet Hospital businesses" in Tennessee, [Doc. 28 ¶ 3], the Amended Complaint is silent as to how many hospitals and the scope of that business, [*see* Doc. 28]. Accordingly, Plaintiff has not met its burden to allege facts such that the Court could assess that Defendant Banfield's affiliation with Tennessee is "so constant and

4

pervasive as to render [it] essentially at home" in Tennessee. *See Daimler*, 571 U.S. at 122 (quotation omitted). ***Last***, the Amended Complaint alleges that Defendant Banfield has appointed an agent for service of process [Doc. 28 ¶ 3]. This fact fails to establish general jurisdiction, too. There is no indication that Tennessee law conditions corporate registration of an agent on consent to general jurisdiction. In fact, the Tennessee Supreme Court recently suggested that Tennessee law does not. *See Baskin v. Pierce & Allred Constr., Inc.*, 676 S.W.3d 554, 568 n.14 (Tenn. 2023). Therefore, the Court lacks general jurisdiction over Defendant Banfield.

### 2. The Court Also Lacks Specific Jurisdiction Over Defendant Banfield.

As relevant here, under Sixth Circuit precedent, Plaintiff "bears the initial burden to make a prima facie case for personal jurisdiction." *See Peters Broad. Eng., Inc. v. 24 Capital, LLC*, 40 F.4th 432, 441 (6th Cir. 2022) (citation omitted). Plaintiff must meet three (3) criteria. *See id.*

***First***, Plaintiff must plausibly allege facts showing that Defendant Banfield "purposefully avail[ed]" itself "of the privilege of acting in" or "causing a consequence in" Tennessee. *See id.* Defendant Banfield must "create" minimum contacts with Tennessee that underlie personal jurisdiction. *See Walden v. Fiore*, 571 U.S. 277, 284 (2014). Those contacts must be Defendant Banfield's "own choice"—such as "deliberately" attempting to enter a particular market or contractual relationships in Tennessee—not "'random, isolated, or fortuitous.'" *See Ford Motor Co.*, 592 U.S. at 359 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984); *Walden*, 571 U.S. at 285).

Maintaining a website, "in and of itself, does not constitute [] purposeful availment." *See Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002). Indeed, "[t]he level of contact with a state that occurs simply from the fact of a website's availability on the internet" is an "attenuated contact that falls short of purposeful availment." *Id.* (quotation omitted).

5

For a defendant to "purposefully avail[] itself of the privilege of acting in a state through its website," the website must be "*interactive to a degree that reveals specifically intended interaction with residents of the state*." *Id.* (citation omitted) (emphasis added); *see also Brana v. Moravcik*, No. 20-4057, 2021 WL 4771008, at *2 (6th Cir. May 18, 2021) (noting that operating a website does not constitute purposeful availment when the "website is non-commercial, is not interactive, and is not directed toward the residents of any state" in particular). Mailings and faxes sent from one state to another, too, alone are not enough to establish purposeful availment. *See Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 151 (6th Cir. 1997).

**Second**, "the cause of action must arise from" Defendant Banfield's activities in Tennessee. *See Peters Broad. Eng., Inc.*, 40 F.4th at 441 (citation omitted). Put differently, "an affiliation" must exist between Tennessee and "the underlying controversy." *Ford Motor Co.*, 592 U.S. at 359 (cleaned up). **Third**, "the acts" or "consequences caused by" Defendant Banfield "must have a substantial enough connection with" Tennessee "to make the exercise of jurisdiction" reasonable. *See Peters Broad. Eng., Inc.*, 40 F.4th at 441 (citation omitted).

Where, as here, no party has requested an evidentiary hearing and the Court rules on the papers alone, Plaintiff's burden to establish a prima facie case is "relatively slight," but not nonexistent. *See Malone*, 965 F.3d at 505 (citations omitted). The Court views the factual assertions in the relevant filings "in a light most favorable to the plaintiff." *MAG IAS Holdings, Inc.*, 854 F.3d at 899 (quotation omitted). To the extent Defendant's written submissions present contradictory factual assertions, they are irrelevant. *See Malone*, 965 F.3d at 505-06.

Even taking the relevant facts in the light most favorable to Plaintiff, he has failed to adequately allege facts establishing a prima facie case for specific jurisdiction over Defendant Banfield. The Court addresses each of Plaintiff's arguments in turn.

***First***, his argument regarding Banfield's website, advertising, email solicitations, and rejection of three Tennessee applicants fails at step one: purposeful availment. Viewing the facts in the light most favorable to Plaintiff, Defendant Banfield "has[s] advertised" its NextVet internship program in Tennessee "through email solicitations, press releases, and online advertising" and received three applications from Tennessee residents through its website but did not admit any Tennessee resident [Docs. 28 ¶¶ 37, 38; 37 at 3 (Richardson Dec. ¶¶ 13)]. However, there are no allegations that Defendant Banfield's website is ***interactive*** or that Defendant Banfield specifically targets or targeted Tennessee residents through its website, advertising, or email solicitations [*See id.* ¶¶ 37, 38]. This is consistent with Defendant Banfield's assertion that to the extent it advertises the NextVet program through email, its website, or other means of advertising, it does so "nationwide" and does not "specifically target residents of Tennessee" [Doc. 37 at 2-3 (Richardson Dec. ¶¶ 10, 13)]. This is not enough to make a prima facie case of purposeful availment.

The mere fact that Defendant Banfield advertises the NextVet internship online or through email solicitation nationwide and some Tennessee residents received an email or applied to the internship does not amount to purposeful availment. Online advertisement "by its very nature" is accessible nationally and even potentially internationally. *See Neogen Corp.*, 282 F.3d at 890. "The level of contact with a state that occurs simply from the fact of a website's availability on the Internet is therefore an attenuated contact that falls short of purposeful availment" *Id.* (cleaned up). The same holds true for email solicitations. The Sixth Circuit has held that sending mailings and faxes—even those discussing potential business—are "precisely the sort of random, fortuitous and attenuated contact" the Supreme Court has "rejected as a bases for hailing non-resident defendants into foreign jurisdictions," particularly where there are no facts supporting

7

specific targeting of a forum. *See Kerry Steel, Inc.*, 106 F.3d at 151 (approvingly citing *Scullin Steel Co. v. Nat'l Ry. Unionization Corp.*, 676 F.2d 309, 314 (8th Cir. 1982), for the position that the "use of interstate facilities, (telephone, the mail)," cannot alone provide the minimum contacts due process requires). Nationwide email solicitations are the modern equivalent.

**Second**, Plaintiff argues that the number of pet hospitals Defendant Banfield operates in Tennessee provides a basis for personal jurisdiction [Doc. 41 at 15]. But that argument fails at the second criteria—"the cause of action must arise from" Defendant Banfield's activities in Tennessee. *See Peters Broad. Eng., Inc.*, 40 F.4th at 441 (citation omitted). Defendant Banfield's operation of pet hospitals is unrelated to Plaintiff's trademark infringement claims in this action. His claims are tied to Defendant Banfield's alleged use of the NextVet mark to advertise its internship program [Doc. 28 ¶¶ 37-38, 43]. Plaintiff's trademark infringement claims do not "arise out of or relate to" Defendant Banfield's separate operation of pet hospitals. *See Ford Motor Co.*, 592 U.S. at 359 (quotation omitted). Therefore, Plaintiff has failed to meet his burden of establishing a prima facie case of specific jurisdiction.[2]

**Third**, Plaintiff argues that "pendent jurisdiction principles" justify exercising personal jurisdiction over Defendant Banfield [Doc. 41 at 17-19]. That attempt too falls short. To the extent that "pendent personal jurisdiction" is a viable theory, it has two forms—"pendent claim and pendent party personal jurisdiction." *See Canaday*, 9 F.4th at 401-02 (citation omitted). Conceptually, "[p]endent *claim* personal jurisdiction" would permit a court properly

---

[2] The Amended Complaint asserts as further evidence of personal jurisdiction that Plaintiff experienced "injury to [his] intangible rights, including his goodwill in and to his" mark in Tennessee [Doc. 28 ¶ 8]. But that is not enough. While sometimes relevant in other ways, "the place of a plaintiff's injury and residence cannot create a defendant's contact with the forum." *Ford Motor Co.*, 592 U.S. at 371. "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *See Walden*, 571 U.S. at 290.

8

"exercise[ing] [] personal jurisdiction over one defendant as to one claim" to "exercise personal jurisdiction with respect to related claims" against the same defendant. *Id.* (citation omitted). Pendent party jurisdiction, on the other hand, would "recognize[] that a court's exercise of personal jurisdiction over one defendant as to a particular claim by one plaintiff allows it to exercise personal jurisdiction with respect to similar claims brought by other plaintiffs." *Id.*

Here, even if pendent personal jurisdiction exists, neither form would fit this case. Plaintiff does not seek to use the Court's personal jurisdiction over one defendant to allow him to assert multiple claims against *that* defendant. Nor is this a case where multiple plaintiffs are attempting to bring an action against one defendant. Instead, Plaintiff seeks to use the Court's personal jurisdiction over one defendant in this action to assert personal jurisdiction over another separate corporate defendant. Even pendent personal jurisdiction would not reach that far. Corporate forms matter.

*Last*, Plaintiff attempts to establish specific jurisdiction through a "Supplemental Response" [Doc. 42]. Plaintiff contends that an online advertisement for Defendant Banfield's internship program on what appears to be Defendant Banfield's website constitutes "targeting" of "Tennessee job seekers searching for Tennessee jobs" [Doc. 42 at 1]. Not so. Nothing in the Supplemental Response establishes that Defendant Banfield's website is "interactive to a degree that reveals specifically intended interaction with residents of the state." *See Neogen*, 282 F.3d at 890; *see also Brana*, 2021 WL 4771008, at *2. The Supplemental Response shows only that Defendant Banfield's "level of contact" with Tennessee residents through its online advertisements flow "from the fact of a website's availability on the internet." *See Neogen Corp.*, 282 F.3d at 890. That much is "attenuated contact that falls short of purposeful availment." *Id.* For all these

9

reasons, the Court lacks specific jurisdiction over Defendant Banfield. Therefore, the Court grants Defendant Banfield's request to dismiss under Rule 12(b)(2).[3]

II. **The Amended Complaint States Plausible Claims Against Defendant Mars Petcare.**

   A. **Background**[4]

According to the Amended Complaint, Defendant "Mars Petcare own[s] and operate[s] veterinary clinics nationwide" [Doc. 28 ¶ 30]. Defendant Mars Petcare "uses" the allegedly infringing NextVet mark in Tennessee "and nationwide" in a way that allegedly infringes on Plaintiff's trademark [*Id.* ¶ 34]. Defendant Mars Petcare has issued press releases from its website advertising programs bearing the NextVet mark [*Id.* ¶¶ 34-36]. And Defendant Mars Petcare uses the allegedly infringing mark "to advertise, promote and market its veterinary recruitment and internship service" [Doc. 28 ¶ 43]. Perhaps most importantly, Defendant Mars Petcare "offer[s] and sell[s] [its] goods and services under [its] Infringing" mark "online" [*Id.* ¶ 61]. The Amended Complaint asserts trademark infringement claims under (1) the Lanham Act, 15 U.S.C. § 1125(a), and (2) state statutory and common law against Defendant Mars Petcare [*See* Doc. 28 ¶¶ 56-105].

   B. **Analysis**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *See Phillips v. DeWine*, 841 F.3d 405, 414 (6th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is "facial[ly] plausib[le] when the plaintiff pleads factual content that allows the court to draw the

---

[3] Because the Court lacks jurisdiction over Defendant Banfield, the Court does not reach its alternative argument for dismissal under Rule 12(b)(6) [*See* Doc. 34 at 1].

[4] In assessing Defendant Mars Petcare's request for dissmissal, the Court construes all well-pled facts in the light most favorable to Plaintiff, accepts all well-pled factual allegations as true, and draws all reasonable inferences in his favor. *See, e.g.*, *Caraway v. CoreCivic of Tenn., LLC*, 98 F.4th 679, 683 (6th Cir. 2024) (citation omitted).

reasonable inference that the defendant is liable." *See Teamsters Local 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, 83 F.4th 514, 524 (6th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Procedurally, the Court must first determine the scope of its review. For Rule 12(b)(6) purposes, when parties present information outside of the operative complaint, Rule "12(d)'s text give[s] district courts two options." *Cottemran v. City of Cincinnati*, No. 21-3659, 2023 WL 7132017, at *4 (6th Cir. Oct. 30, 2023). The Court must either "***expressly*** exclude outside-the-complaint materials ***or*** convert the motion to one for summary judgment." *See id.* (citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co.*, 452 F.3d 494, 503 (6th Cir. 2006) (second emphasis added)); *see also* Fed. R. Civ. P. 12(d). Here, the Court exercises the first option and excludes "outside-the-complaint materials." *See Cottemran*, No. 21-3659, 2023 WL 7132017, at *4.

Substantively, the Lanham Act prohibits a person from using, "in commerce," "any word, term, name, symbol, or device, or any combination thereof," when doing so is "likely to cause confusion, or to cause mistake, or to deceive" as to the item's true ownership. *See* 15 U.S.C. § 1125(a)(1)(A). "To state a claim for trademark infringement under the Lanham Act, a plaintiff must allege facts establishing that: (1) [he or she] owns the registered trademark; (2) the defendant ***used the mark in commerce***; and (3) the use was likely to cause confusion." *See NetJets Inc. v. IntelliJet Grp., LLC*, 602 F. App'x 242, 244 (6th Cir. 2015) (emphasis added) (quoting *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009)). Defendant Mars Petcare concedes that Plaintiff's Lanham Act and state law claims against it are coterminous [Doc. 35 at 21 n.7]. That is, if Plaintiff plausibly alleges a claim under the Lanham Act, he plausibly alleges his state claims, too.

11

Here, Defendant Mars Petcare challenges only the second element of the claim [Doc. 34 at 2]. The Lanham Act defines "use in commerce" as a "bona fide use of a mark in the ordinary course of trade and not made merely to reserve a right" in a mark. *See* 15 U.S.C. § 1127. An entity uses a mark "in commerce" when, among other things, the entity places the mark "on the goods or their containers or displays associated therewith or on the tags and labels affixed thereto." *Id.* An entity also uses a mark "in commerce" when the entity "use[s] or display[s]" the mark "in the sale or advertising of services and the services are rendered in commerce." *Id.*

Plaintiff has plausibly alleged that Defendant Mars Petcare uses its NextVet mark "in commerce." The Amended Complaint asserts that Defendant Mars Petcare "offer[s] and sell[s]" certain "goods and services under" its "[i]nfringing" NextVet "[d]esignation online" [Doc. 28 ¶ 61]. Using a trademark in offers and sales of goods and services through an online platform is a paradigmatic example of a "bona fide use of a mark in the ordinary course of trade." *See* 15 U.S.C. § 1127. This allegation, of course, may ultimately prove not to be true or accurate. But at this stage in the litigation, the Amended Complaint plausibly alleges that Defendant Mars Petcare uses the allegedly infringing NextVet mark "in commerce." Therefore, the Court denies Defendant Mars Petcare's request to dismiss under Rule 12(b)(6).

### III. Conclusion

As set forth above, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss filed by Defendants Banfield and Mars Petcare [Doc. 34]. The Court dismisses Defendant Medical Management International, Inc., d/b/a Banfield Pet Hospital from this action because the Court lacks personal jurisdiction over it. But Plaintiff's trademark infringement claims against Defendant Mars Petcare US Inc. remain.

12

Case 2:23-cv-00152-KAC-CRW    Document 46    Filed 03/18/25    Page 12 of 13
PageID #: 277

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge